

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00188-CR

DARRIAN DE'ANTHONY DAVIS-SANDERS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-12-24274

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Darrian De'Anthony Davis-Sanders appeals from a judgment that adjudicated him guilty of possession with intent to deliver four or more but less than 200 grams of cocaine within a school zone, sentenced him to sixty years' imprisonment, and ordered him to pay a $1,450.00 fine. Davis-Sanders has filed a single brief, in which he raises an issue common to all of his appeals.[1] He argues that his counsel rendered ineffective assistance by failing to question the legality of the search that led police officers to discover that he was in possession of methamphetamine and a firearm.

We addressed this issue in detail in our opinion of this date on Davis-Sanders' appeal in cause number 06-14-00186-CR. For the reasons stated therein, we likewise conclude that Davis-Sanders has failed to demonstrate that he received ineffective assistance of counsel.

However, we must modify the trial court's judgment. The judgment of deferred adjudication describes the offense as "MAN DEL CS PG 1>1G DRUG FREE ZONE." However, the indictment establishes that the offense was for possession with intent to deliver four or more but less than 200 grams of cocaine and that Davis-Sanders pled guilty to this indictment.

We have the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention by any source. TEX. R. APP. P. 43.2; *French v. State*, 830

---

[1]In our cause numbers 06-14-00186-CR, 06-14-00187-CR, and 06-14-00189-CR, Davis-Sanders also appeals from (1) a judgment adjudicating him guilty of delivery of less than one gram of cocaine within a school zone, sentencing him to ten years' imprisonment, and ordering him to pay $140.00 restitution; (2) a judgment adjudicating him guilty of delivery of less than one gram of cocaine within a school zone, sentencing him to ten years' imprisonment, and ordering him to pay $102.00 in restitution; and (3) a judgment adjudicating him guilty of delivery of less than one gram of cocaine within a school zone, sentencing him to ten years' imprisonment, and ordering him to pay $140.00 in restitution.

S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Rhoten*, 299 S.W.3d at 356 (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, writ ref'd)); *see French*, 830 S.W.2d at 609. Here, we modify the trial court's judgment to reflect that the possession with intent to deliver was in an amount of four or more grams but less than 200 grams.

We affirm the trial court's judgment, as modified.


Josh R. Morriss, III
Chief Justice

Date Submitted:      July 22, 2015
Date Decided:       August 4, 2015

Do Not Publish